720 P.2d 963

**CANAL INSURANCE COMPANY, a corporation; and James E. Heatherly and Donna Heatherly, husband and wife, Plaintiffs/Counter-Defendants/Appellees,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY, a corporation, Defendant/Counter-Claimant/Appellant.**

No. 2 CA–CIV 5601.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 5, 1986.

Review Denied May 28, 1986.

Jennings, Strouss & Salmon by W. Michael Flood and Jefferson L. Lankford, Phoenix, for plaintiffs/counter-defendants/appellees.

Jennings, Kepner & Haug by Craig R. Kepner and D. Kim Lough, Phoenix, for defendant/counter-claimant/appellant.

**HATHAWAY, Chief Judge.**

United States Fidelity and Guaranty Company (USF & G) appeals from the trial court's granting of summary judgment for appellee Canal Insurance Company (Canal). The trial court found USF & G was the primary insurer. We affirm.

Canal issued a vehicle insurance policy in the amount of $600,000 to the owner/driver of a Kenworth tractor. The owner leased his tractor to a trucking company which was insured by USF & G under two policies, an underlying policy in the amount of $500,000 and an excess policy for $2,000,-000. During the lease term, the owner/driver was involved in an accident for which he was responsible. The injured party sued the owner/driver and the lessee/trucking company. Canal defended the owner/driver in the tort action.

Canal filed its complaint for declaratory relief requesting a judgment that the USF & G underlying $500,000 policy provided primary coverage to the owner/driver, that

Canal's policy was excess over and above the primary coverage of USF & G and for reimbursement of its costs and attorney's fees incurred in defending the tort action. At that time, Canal was not aware of the existence of the USF & G excess policy. Subsequently, USF & G settled the tort action for $1,900,000.

On cross-motions for summary judgment, the court determined that the owner/driver was an insured under the USF & G underlying policy and the excess policy, that the USF & G underlying policy provided primary coverage, that the Canal policy provided excess coverage and that the USF & G excess policy became primary upon the exhaustion of the underlying policy. Subsequently, in a separate judgment, the court granted Canal its costs and fees incurred in defending the tort action.

Appellant raises various arguments on appeal, all concluding that the Canal policy limits must be exhausted before the USF & G excess policy takes effect, thereby reducing its liability by $600,000.

■ The USF & G underlying policy clearly provides primary coverage. By federal law the lessor of a motor vehicle subject to Interstate Commerce Commission (ICC) regulations is required to carry liability insurance for such vehicle. 49 U.S.C. § 11107(a)(3). Appellant concedes that the required amount of liability insurance was $500,000 at the time of the accident. The Arizona Supreme Court has held that "the lessee's carrier provides primary coverage to the minimum limits required by law." *Transport Indemnity Company v. Carolina Casualty Insurance Company,* 133 Ariz. 395, 406, 652 P.2d 134, 145 (1982). The $500,000 coverage of the USF & G underlying policy was therefore primary and to be exhausted first.

■ The USF & G excess policy contains the following provision:

"Upon the exhustion of an aggregate limit of liability applying to a particular

**580**

coverage afforded by an insurance policy designated in Section 1.7 ... this policy *shall replace* such exhausted aggregate limit as *primary insurance*, subject to the terms and conditions of such insurance policy...." (Emphasis added)

The only policy designated in Section 1.7 of the excess policy is the USF & G underlying policy. Therefore, by its very terms, the excess policy became primary coverage when the $500,000 limit of the underlying policy was exhausted. The excess policy, therefore, covered the remaining $1,400,-000 of the settlement.

The Canal policy contained an endorsement, a so-called "Truckmen's Endorsement," which provided that its coverage would be excess over any other insurance while the tractor was leased to another person or organization. That policy would not be affected until the primary coverage of $2,500,000 provided by the two USF & G policies was exhausted. The settlement for $1,900,000, being within the two USF & G policy limits, Canal was not required to contribute.

■ Appellant relies in part on the provisions of A.R.S. § 28–1170.01(B), which states that when a vehicle is covered by two or more policies, the policy which describes or rates the vehicle shall be the primary coverage. Under this provision, the Canal policy would be primary and the USF & G excess. To the extent the statute conflicts with federal law in situations where the vehicle is subject to ICC regulation, the federal law controls. *Edgar v. Mite Corporation*, 457 U.S. 624, 102 S.Ct. 2629, 73 L.Ed.2d 269 (1982).

Canal's request for attorney's fees on appeal is granted in an amount to be determined following the filing of its statement of costs in compliance with Rule 21, Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.